**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,**

**v.**

**Gilbert BEALL, Frederic Mascolo, Jilly Enterprises, Inc., Jilly Rizzo, Anthony DelVecchio and Katherine DelVecchio, Defendants.**

**Civ. No. 87–0626.**

United States District Court, M.D. Pennsylvania.

Sept. 9, 1987.

Peter F. Vaira, Abraham C. Reich, Dean R. Phillips, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., Barbara Blumenthal, McQuire, Cornwell & Blakey, P.C., Denver, Colo., Christopher A. Byrne, Sr. Atty., FDIC, Washington, D.C., for plaintiff.

Dominic F. Amorosa, New York City, for Jilly Rizzo.

Anthony and Katherine DelVecchio, pro se.

James P. Gregor, Stroudsburg, Pa., for Beall and Mascola.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

The Federal Deposit Insurance Corporation (FDIC) instituted this action on May 4, 1987 in its corporate capacity as successor in interest to the Aurora Bank, Aurora, California. In its Complaint, the FDIC states a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.*, against defendants Anthony DelVecchio and Jilly Rizzo. Specifically, the FDIC asserts that DelVecchio and Rizzo participated in a fraudulent scheme which led to the failure of the Aurora Bank in late 1985. The FDIC previously filed a separate civil RICO action against DelVecchio and Rizzo based upon the same facts in the United States District Court for the District of Colorado, and that action is presently pending before the Colorado district court. According to the Complaint, Jilly Enterprises, Inc. is an alter ego of DelVecchio and Rizzo.

The FDIC also avers in its Complaint that DelVecchio and Rizzo fraudulently transferred one of the fruits of their scheme involving the Aurora Bank, a tract of land in excess of one hundred acres (Echo Lake property) in Monroe County, Pennsylvania, to defendants Gilbert Beall and Frederic Mascolo in violation of Pennsylvania's Uniform Fraudulent Conveyance Act, 39 Pa.S.A. § 351 *et seq.* Beall and Mascolo were originally named as defendants in the Colorado action but were dismissed for lack of personal jurisdiction. In its Complaint, the FDIC seeks various forms of relief directly affecting the Echo Lake property.

The final defendant, Katherine DelVecchio, is listed as a grantor of the Echo Lake property on one deed in the chain of title from her husband and Rizzo to Beall and Mascolo.

Katherine and Anthony DelVecchio, purportedly appearing *pro se*, filed a Motion to Dismiss on June 29, 1987. Beall and Mascolo submitted a separate Motion to Dis-

miss on July 28, 1987. A conference was held in chambers on August 28, 1987. The parties have briefed the relevant issues, and the Motions to Dismiss are now ripe for disposition. For the reasons set forth below, the court will deny both dispositive motions.

## DISCUSSION

### I.

The moving defendants argue that this court lacks subject matter jurisdiction. Without citing any supporting authority, they propose that the court lacks jurisdiction over the RICO claim because none of the alleged predicate acts occurred in Pennsylvania. They add that the FDIC's allegations under Pennsylvania's Uniform Fraudulent Conveyance Act constitute a purely state law cause of action over which this court cannot exercise independent jurisdiction.

 The jurisdictional provision for civil RICO actions, 18 U.S.C. § 1964, contains no requirement relating to where the predicate acts occurred. Having been advised by the moving defendants of no statutory or case law precedent for their proposition that a district court lacks jurisdiction over a civil RICO action unless some of the predicate acts occurred in the state where the district court is sitting, this court declines to fashion such a rule. Moreover, even if the RICO claim were dismissed, the court would possess independent jurisdiction over the claim brought under Pennsylvania's Uniform Fraudulent Conveyance Act. Under 12 U.S.C. § 1819, district courts have subject matter jurisdiction over "all suits of a civil nature at common law or in equity to which the Corporation [FDIC] shall be a party," and the FDIC has appeared in this action solely in its corporate capacity. *See Federal Deposit Ins. Corp. v. Braemoor Associates,* 686 F.2d 550 (7th Cir.1982), *cert. denied,* 461 U.S. 927, 103 S.Ct. 2086, 77 L.Ed.2d 297 (1983) (district court had subject matter jurisdiction over FDIC's suit under Illinois law where FDIC was suing in its corporate capacity); and *Federal Deposit Ins. Corp. v. Gates,* 594 F.Supp. 36 (D.C.Kan.1984) (phrase "common law" in 12 U.S.C. § 1819 is not to be interpreted as contrasted with statutory law, and district court had jurisdiction over action instituted by the FDIC in its corporate capacity to collect on a promissory note under the provisions of the Kansas Consumer Credit Code and Uniform Commercial Code). The sole case cited by the moving defendants to support their position that this court lacks independent jurisdiction over the state law claim, *Chas. Kurz Co. v. Lombardi,* 595 F.Supp. 373 (E.D.Pa.1984), is inapplicable because the FDIC was not a party in that action. The court, therefore, possesses subject matter jurisdiction over the present dispute.

### II.

Beall and Mascolo assert in their Motion to Dismiss that the court lacks personal jurisdiction over them. Since they did not pursue this contention in their supporting brief, it will be deemed withdrawn pursuant to Middle District of Pennsylvania Local Rule 401.5.

### III.

 The moving defendants also maintain that venue is improper in this district because none of the alleged activities in the scheme to defraud the Aurora Bank occurred in Pennsylvania. Anthony DelVecchio argues that it would unfair to allow the FDIC to pursue the same civil RICO claim against him in two separate district courts.

As noted above, there are two causes of action in this case over which the court has independent subject matter jurisdiction: (1) a civil RICO claim asserted against only one of the moving defendants, Anthony DelVecchio; and (2) a claim under Pennsylvania's Uniform Fraudulent Conveyance Act. With regard to the former claim, the venue provision for civil RICO actions, 18 U.S.C. § 1965(a), provides, "Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides. . . ." DelVec-

chio, the only moving defendant named under the RICO cause of action, has admitted that he resides in this district. *See* document 16 of the record at 6. With regard to the latter claim, the applicable venue provision, 28 U.S.C. § 1391(b), provides for venue in the district "in which the claim arose." Since the Echo Lake property is located in this district and all relevant transfers of that property were recorded within this district, the FDIC's claim under Pennsylvania's Uniform Fraudulent Conveyance Act arose in this district. *See B.J. McAdams, Inc. v. Boggs*, 426 F.Supp. 1091 (E.D.Pa.1977); and *Randolph Engineering Co. v. Fredenhagen Kommandit–Gesellschaft*, 476 F.Supp. 1355 (W.D.Pa.1979) (claim arises in a judicial district when, in comparison with other possible forums, the most significant contacts underlying the cause of action occurred in that district).[1] Thus, venue in this district is proper.

The court recognizes DelVecchio's concern over simultaneously defending two separate RICO civil actions and will entertain motions by the parties to stay this action pending resolution of the companion Colorado case.

### IV.

The moving defendants contend that the FDIC fails to state a claim upon which relief could be granted. In particular, Anthony DelVecchio maintains that the FDIC's suit is barred by a release which he previously obtained from the Aurora Bank. All of the moving defendants argue that the FDIC failed to properly plead all of the requisite elements for causes of action under RICO and Pennsylvania's Uniform Fraudulent Conveyance Act.

▇▇▇▇ Release is an affirmative defense. *See* Fed.R.Civ.P. 8(c). An affirmative defense may not be raised by a Rule 12(b)(6) motion unless the facts giving rise to the defense appear on the face of the complaint. *Bethel v. Jendoco Const. Corp.*,

570 F.2d 1168, 1174 n. 10 (3d Cir.1978). Facts relating to the affirmative defense of release do not appear on the face of the the the FDIC's Complaint. Of course, a court may convert a motion to dismiss into a summary judgment motion by considering matters outside the pleadings. *See* Fed.R.Civ.P. 12(b). The court was provided with a copy of the release, but the moving defendants did not attempt to explain the factual background or terms of the release which the FDIC claims in its brief was obtained by fraud. Consequently, factual disputes concerning the release still exist, and none of the defendants are entitled to any relief at this point in the proceedings based upon the release.

In reviewing a motion to dismiss, a court should focus only upon the sufficiency of the complaint and should liberally construe the complaint in favor of the plaintiff. *See Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); and *Hooten v. Pennsylvania College of Optometry*, 601 F.Supp. 1151 (E.D.Pa.1984). The material allegations of the complaint should be regarded as admitted, and the complaint should not be dismissed unless it appears that the plaintiff can prove no set of facts in support of its claims which would entitle it to relief. *See Conley v. Gibson, supra;* and *District Council 47 v. Bradley*, 795 F.2d 310 (3d Cir.1986). Under this standard, the court has reviewed the moving defendants' contention that the FDIC failed to state a claim upon which relief can be granted, and the court has concluded that their position is without merit. Having examined the Complaint, the court has determined that the requisite elements of each cause of action, including fraud, have been sufficiently pled. Moreover, the unverified assertions of Beall and Mascolo in their brief with regard to their knowledge at certain relevant times has been improperly presented to the court and does not affect the court's present inquiry into the sufficiency of the pleading.[2]

---

1. The Colorado district court has already ruled that it has no power to issue or enforce orders directly affecting the Echo Lake property.

2. To date, the court has not been provided with any affidavits or unsworn declarations from any party.

## V.

■ The moving defendants argue that some or all of the defendants in the companion Colorado case who were not named as defendants in this litigation are indispensable parties in this action. In determining whether a party is indispensable, a district court must consider the following:

(1) plaintiff's interest in selecting the forum;

(2) defendant's interest in avoiding multiple litigation, inconsistent relief or sole responsibility for liability shared with others;

(3) the interest of absent yet necessary parties; and

(4) the interest of courts and the public in complete, consistent and effective settlement of controversies.

*Whyham v. Piper Aircraft Corp.,* 96 F.R. D. 557, 560 (M.D.Pa.1982) (Herman, J.). The party raising the defense of failure to join an indispensable party has the burden to show that the person who is not joined is needed for a just adjudication. *See* 7 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1609.

■ The FDIC's interest in this forum is substantial since it appears that this court is the only district court which could afford relief directly affecting the Echo Lake property. The moving defendants do possess a valid interest in avoiding multiple litigation, inconsistent relief and sole responsibility for liability shared with others, and for this reason, the court will entertain a motion to stay this action pending resolution of the companion Colorado case.

Finally, the moving defendants have failed to establish an interest on behalf of the alleged indispensable parties. In fact, the moving defendants have not clearly identified which parties from the Colorado case are purportedly indispensable and have supported their contention with only vague generalizations and conclusory statements. For example, the court has been provided with no information regarding the relationship between the alleged indispensable parties and the Echo Lake property or their relationship with the moving defend-

ants. In view of the above factors, the court finds no merit in the moving defendants' argument that the Complaint fails to name indispensable parties.

## VI.

■ Katherine DelVecchio maintains that her only involvement in the factual background of this case is that she signed, as a grantor, a deed transferring the Echo Lake property. She asserts in her brief that she never owned or claimed any interest in the Echo Lake property and that she was required to sign the deed solely in her capacity as the wife of Anthony DelVecchio.

Katherine DelVecchio's assertions regarding her role in the transfer of the Echo Lake property are unverified, and a factual dispute may still exist regarding her relationship to the Echo Lake property. Since her name appears on the deed, she was properly named as a party.

The court notes that the FDIC has acted in good faith on this matter. The FDIC stated in its opposition brief, "If Defendant Katherine DelVecchio unequivocally admits on the record that she has no interest in the Echo Lake property, nor has ever had any interest in the Echo Lake property, the FDIC is willing voluntarily to dismiss her from this lawsuit." *See* document 28 at 31. To date, Katherine DelVecchio has not responded to the FDIC's proposal.

## VII.

The moving defendants challenge the recording of a *lis pendens* on the Echo Lake property in the Court of Common Pleas of Monroe County. Their argument would be more properly presented in state court, and for the sake of comity, this court refuses to address the propriety of the *lis pendens.*

An appropriate Order will follow.

## ORDER

NOW, this 9th day of September, 1987, in accordance with the reasoning set forth in the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

(1) The Motion to Dismiss submitted by Anthony DelVecchio and Katherine DelVecchio is denied.

(2) The Motion to Dismiss submitted by Gilbert Beall and Frederic Mascolo is denied.

(3) The defendants shall file a response to the Complaint within twenty (20) days of the date of this Order.