**Warren Michael LYNCH**

v.

**NEW JERSEY AUTOMOBILE FULL INSURANCE UNDERWRITING ASSOCIATION.**

Civ. A. No. 90–6289.

United States District Court, E.D. Pennsylvania.

April 3, 1991.

Leonard S. Konefsky, Benjamin Fox Pavilion, Jenkintown, Pa., for plaintiff.

Andrew J. Gallogly, Philadelphia, Pa., for defendant.

## MEMORANDUM

WALDMAN, District Judge.

In this diversity action, plaintiff alleges that the defendant breached an automobile insurance agreement by refusing to pay a claim which arose from an accident in Philadelphia. Presently before the court is defendant's motion to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2).

### . I.  BACKGROUND

On March 19, 1988, plaintiff purchased an automobile insurance policy from the defendant New Jersey Automobile Full Insurance Underwriting Association (commonly known as the JUA) through a servicing carrier, Hanover Insurance Company. At the time he purchased the policy, plaintiff was a resident of New Jersey. On December 15, 1988, plaintiff was involved in an accident in Philadelphia in which he allegedly suffered bodily injuries and distress.

Subsequent to the accident, plaintiff filed a claim with the JUA, through its servicing carrier. On August 18, 1989, after plaintiff had moved to Philadelphia, the servicing carrier's claims manager wrote to plaintiff advising him that they had determined that he was an ineligible applicant at the time he secured the policy and accordingly it was void. The letter was directed to plaintiff at both the new Philadelphia ad-

dress and his address of record in Williamstown, New Jersey. The carrier also sent letters to five health care providers who had performed services for plaintiff following the accident. Four of them were in Pennsylvania.

## II. LEGAL STANDARD

■ In deciding a motion to dismiss for lack of personal jurisdiction the allegations of the complaint are taken as true, however, the burden of proof remains with the plaintiff to demonstrate a jurisdictional predicate by competent proof. *Bucks County Playhouse v. Bradshaw*, 577 F.Supp. 1203, 1206 (E.D.Pa.1983).

Defendant's motion must be assessed in light of Pennsylvania's long-arm statute, 42 Pa.Cons.Stat.Ann. § 5301 *et seq.* *See Strick Corp. v. A.J.F. Warehouse Distrib., Inc.*, 532 F.Supp. 951, 953 (E.D.Pa.1982); *Spelling–Goldberg Prods. v. Bodek & Rhodes*, 452 F.Supp. 452, 453 (E.D.Pa. 1978). This statute permits a court to assert personal jurisdiction over a defendant "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with [the] Commonwealth allowed under the Constitution of the United States." 42 Pa.Cons.Stat.Ann. § 5322. The parameters of jurisdiction set by Pennsylvania's long-arm statute are therefore co-extensive with those of the Due Process Clause of the Fourteenth Amendment.

■ The Pennsylvania statute contemplates that a court may exercise *in personam* jurisdiction on two bases—general jurisdiction or specific jurisdiction. A finding of "general" jurisdiction requires that a defendant be "present" in the state either because he is a resident, has consented to be sued here, or, in the case of a corporation or business entity, maintains "a continuous and systematic part of its general business" in Pennsylvania. 42 Pa.Cons. Stat.Ann. § 5301(a)(2)(iii). Plaintiff must demonstrate that the defendant maintained "continuous and substantial" forum affiliation. *Schwilm v. Holbrook*, 661 F.2d 12, 14 (3d Cir.1981).

## III. DISCUSSION

Personal jurisdiction over defendant in this case clearly cannot be based upon general jurisdiction under § 5301. Plaintiff does not even contend that the defendant carries on a continuous and systematic part of its business in Pennsylvania and nothing was proffered from which any such finding could be made.

■ By contrast, the "specific" jurisdictional provision provides that jurisdiction over non-resident corporate defendants may be "based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States," 42 Pa.Cons.Stat.Ann. § 5322(b). The exercise of such jurisdiction, however, must be confined to causes of action which arise from these contacts with the forum state. *Id.* at § 5322(c).

■ To satisfy due process, a nonresident defendant must have sufficient contacts with the forum state "that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). A plaintiff must show that a defendant's activities reasonably should have made him aware that he could be haled into court in the forum state. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

The defendant must have purposefully availed itself of the privilege of conducting activities in the forum state, thus invoking the benefit and protection of its laws. *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). The cause of action, in turn, must arise from the defendant's activities within the forum state. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414–16, 104 S.Ct. 1868, 1872–73, 80 L.Ed.2d 404 (1984); *McGee v. International Life Insurance Co.*, 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957); *Gehling v. Saint George's School of Medicine, Ltd.*, 773 F.2d 539, 541 (3d Cir.1985). Plaintiff con-

tends that his cause of action arises from defendants' activities in Pennsylvania.

◼ The tendering of a payment by a contracting party to another contracting party in the forum is not sufficient. *See Time Share Vacation Club v. Atlantic Resorts, Ltd.,* 735 F.2d 61 (3d Cir.1984). The placing of telephone calls or the sending of letters into the forum by a party to a contract is not sufficient. *See Bucks County Playhouse, supra* at 1209; *Baron & Company, Inc. v. Bank of New Jersey,* 497 F.Supp. 534, 538–39 (E.D.Pa.1980).

The defendant is an unincorporated non-profit association created by the New Jersey Legislature to "provide automobile insurance for qualified applicants who cannot otherwise obtain such insurance...." N.J. Stat.Ann. § 17:30E–2 (West 1985).

◼ The Pennsylvania Supreme Court has declined to exercise jurisdiction over a foreign insurance company where the alleged contact with Pennsylvania is an automobile accident within the borders of the Commonwealth. *See United Farm Bureau Mutual Insurance Company v. United States Fidelity and Guaranty Company,* 501 Pa. 646, 462 A.2d 1300 (1983). The Superior Court recently found an absence of in personam jurisdiction over a state created insurance association similar to the JUA.

◼ In *Colmon v. Maryland Automobile Insurance Fund,* 393 Pa.Super. 313, 574 A.2d 628 (1990), the plaintiff, a Pennsylvania resident injured while driving a car owned by a Maryland resident, sought to recover from the owner's insurance carrier, the Maryland Automobile Insurance Fund (MAIF). The Court held that there was no in personam jurisdiction over the MAIF, stating that:

MAIF is an agency of the state of Maryland, and exists by virtue of Maryland statutory law for the specific and express purpose of providing motor vehicle insurance to Maryland residents who are unable, despite good faith efforts, to obtain automobile insurance in the private market. It is undisputed that the state agency, MAIF, is authorized to do business solely in the State of Maryland, and may provide insurance coverage only to Maryland residents for vehicles registered in the State of Maryland. MAIF does not have any employees or agents in Pennsylvania, and does not own any property in Pennsylvania. It is quite clear that MAIF has never undertaken any action to purposely avail itself of the privilege of issuing auto insurance policies outside of the state of Maryland to residents of any other state except Maryland.

393 Pa.Super. at 318–19, 574 A.2d 628. While there are no appellate decisions directly involving the JUA, Pennsylvania trial courts routinely have refused to exercise jurisdiction over the JUA. *See, e.g., Jones v. New Jersey Full Automobile Insurance Underwriting Association,* No. 3931 (C.P. Phila. Oct. 12, 1990); *Kelly v. New Jersey Full Automobile Insurance Underwriting Association,* No. 1607 (C.P.Phila. May 17, 1990); *Franklin v. Jersey Full Automobile Insurance Underwriting Association,* No. 5608 (C.P.Phila. April 17, 1990); *Mason v. Jersey Full Automobile Insurance Underwriting Association,* No. 5228 (C.P.Phila. Jan. 22, 1990); *Williams v. Jersey Full Automobile Insurance Underwriting Association,* No. 5143 (C.P.Phila. June 12, 1989).

The Court in *Colmon, supra,* also held that the unilateral acts of the insured were not sufficient to establish jurisdiction over a non-resident insurer:

Rodney Colmon's unilateral action in driving the insured automobile into Pennsylvania and then permitting a Pennsylvania resident to operate the auto does not establish minimum contacts between MAIF and Pennsylvania. By Maryland statute, MAIF's business is limited to insuring Maryland residents in specified situations.

*Id.* 393 Pa.Super. at 319–20, 574 A.2d 628.

The JUA is a quasi-public entity created by the New Jersey Legislature. Its board of directors are appointed by the Governor, the State Senate and General Assembly. N.J.Stat.Ann. § 17:30E–5. The JUA issues insurance solely within New Jersey. The

association has the power to arrange for the issuance of automobile insurance to any "qualified applicant" through servicing carriers. *Id.* at § 17:30E–7(e). A qualified applicant is defined as "a person domiciled in New Jersey who is an owner of an automobile registered, or to be registered within 60 days of application, and principally garaged in this State, who has been refused coverage in the voluntary market, and who cannot be or is not placed in the voluntary market ..." *Id.* at § 17:30E–3(m) (West Supp.1990).[1] Plaintiff acknowledges that at the time the policy was issued and at the time of the accident he was a resident of New Jersey and his vehicle was registered in New Jersey. Complaint at ¶ 14.

Plaintiff argues that in sending the letters to plaintiff and several health care providers at Pennsylvania addresses, defendant was transacting business in the Commonwealth and effectively breached the insurance contract in Pennsylvania. It is clear, however, that defendant breached the contract, if at all, in New Jersey where it decided to void the policy. The fact that this decision was communicated to plaintiff in Pennsylvania where he unilaterally relocated and to health care providers in Pennsylvania whom he unilaterally decided to utilize does not amount to purposeful availment. Defendant could not have reasonably expected that it could be haled into court in Pennsylvania by communicating with an alleged insured who had relocated there following the accident which was the subject of the communication.

## IV. CONCLUSION

Plaintiff has not established sufficient contacts between the JUA and Pennsylvania to permit an exercise of personal juris-

1. Members of the United States Military are also considered qualified if they are stationed in New Jersey or are New Jersey residents temporarily stationed out of state.

2. Diversity jurisdiction, of course, is determined by the citizenship of the parties at the time an action is initiated. *Field v. Volkswagenwerk AG,*

diction. Accordingly, defendant's motion will be granted.[2]

626 F.2d 293, 304 (3d Cir.1980); *Avins v. Hannum,* 497 F.Supp. 930, 935 (E.D.Pa.1980). Plaintiff thus is free to renew his action in the District of New Jersey or, of course, the New Jersey state courts. *See* N.J.Stat.Ann. § 2A:14–1.