615 A.2d 342

Ernest RIVELLO, Appellant,

v.

NEW JERSEY AUTOMOBILE FULL INSURANCE
UNDERWRITING ASSOCIATION and
Electronic Data Systems.

Superior Court of Pennsylvania.

Argued July 30, 1992.

Filed Sept. 16, 1992.

Reargument Denied Nov. 17, 1992.

Allen L. Feingold, Philadelphia, for appellant.

Dennis Veneziale, Philadelphia, for appellees.

Before MONTEMURO, FORD ELLIOTT and CERCONE, JJ.

MONTEMURO, Judge:

This is an appeal from an order granting appellee's preliminary objections, and dismissing appellant's complaint on grounds that Pennsylvania has no jurisdiction over the matter in question.

On February 27, 1991, appellant filed suit in the court of Common Pleas of Philadelphia County to recover damages to his vehicle under a policy of automobile insurance issued by appellee Educational Data Systems (EDS), the servicing agent for appellee New Jersey Automobile Full Insurance Underwriting Association (JUA). The accident had occurred in Philadelphia, and according to the complaint, appellees improperly refused to honor appellant's claim, thereby subjecting themselves to a corollary claim for punitive damages due to fraudulent, outrageous, etc., action in denying coverage. Appellees filed preliminary objections to the complaint arguing that since all parties were residents of New Jersey, and the policy was issued under the authority of New Jersey law, there had been alleged no connection with Pennsylvania sufficient to allow the Commonwealth's courts to acquire in personam jurisdiction. The trial court agreed, and this appeal followed, presenting the sole claim that the trial court erred in its decision to grant appellees' preliminary objections.

> When preliminary objections, if sustained, would result in the dismissal of an action, such objections should be sustained only in cases that are clear and free from doubt.... Moreover, when deciding a motion to dismiss for lack of personal jurisdiction, the court must consider the evidence in the light most favorable to the nonmoving party.

*Kenneth H. Oaks, Ltd. v. Josephson*, 390 Pa.Super. 103, 105, 568 A.2d 215, 216 (1989) (citations omitted); *see also Dela-*

*ware Valley Underwriting v. Williams & Sapp*, 359 Pa.Super. 368, 373, 518 A.2d 1280, 1282 (1986). We also note that, once the defendant properly raises the issue of jurisdiction, the plaintiff has the burden of proving that jurisdiction is proper. *Whalen v. Disney World Co.*, 274 Pa.Super. 246, 252 n. 3, 418 A.2d 389, 392 n. 3 (1980).

*Derman v. Wilair Services, Inc.*, 404 Pa.Super. 136, 140, 590 A.2d 317, 319 (1991), alloc. dn. 529 Pa. 621, 600 A.2d 537.

The principal points raised by appellees' preliminary objections were that all parties are residents of New Jersey, that the applicable policy of insurance was issued in New Jersey pursuant to New Jersey statutes, and that the JUA is an agent of the state of New Jersey (N.J.S.A. §§ 17:30E-1 to 17:30E-7e). Appellant's response admitted these particular facts but alleged that since the accident had occurred in Pennsylvania, and that he himself had "frequent and substantial," albeit unspecified contacts with Pennsylvania, suit was proper here.

As appellees point out, even if there were jurisdiction over EDS, it, as a servicing carrier, has no liability for claims or policies written by JUA. *See, Damico v. Royal Insurance Company*, 383 Pa.Super. 239, 243, 556 A.2d 886, 888 (1989), citing *Bidnick v. Hanover Insurance Company*, 230 N.J.Super. 111, 114 n. 1, 552 A.2d 1023, 1024 n. 1 (1989). Therefore, the critical inquiry must be whether jurisdiction is proper over JUA, which appellant concedes to be an agent of the state of New Jersey.

JUA is a statutory creature of the New Jersey legislature which created it to provide automobile insurance to those New Jersey citizens unable to obtain coverage from private carriers. This court has already held that a similar state agency of Maryland, the Maryland Automobile Insurance Fund (MAIF) did not have the minimum contacts with Pennsylvania to subject it to the personal jurisdiction of the Pennsylvania courts. *Colmon v. Maryland Automobile Insurance Fund*, 393 Pa.Super. 313, 574 A.2d 628 (1990). In *Colmon*, the accident had occurred in Pennsylvania when the Maryland resident who had insured the car with the MAIF permitted a

Pennsylvania resident to operate it. The complaint was dismissed on the basis that the connection established with the Commonwealth through the residency of the driver did not suffice to meet the minimum contacts requirement for jurisdiction in Pennsylvania.

As appellant has alleged no activity on the part of JUA which would establish the baseline minimum contacts necessary to confer jurisdiction, he has failed to meet his burden of proving that jurisdiction is proper here. Accordingly, We find the *Colmon* conclusion dispositive.

Order affirmed.