432 Pa. Superior Ct. 336 (1994)
638 A.2d 253
Ernest RIVELLO, Appellant,
v.
NEW JERSEY AUTOMOBILE FULL INSURANCE UNDERWRITING ASSOCIATION and Electronic Data Systems and HCM Claim Management Corporation and Terry Seningen and Charles Weatherby.
Superior Court of Pennsylvania.
Argued October 5, 1993.
Filed March 15, 1994.
*339 Allen L. Feingold, Philadelphia, for appellant.
Dennis Veneziale, Philadelphia, for appellees.
Before POPOVICH, JOHNSON and HOFFMAN, JJ.
HOFFMAN, Judge.
This is an appeal from the July 23, 1992 entry of judgment in favor of appellees, New Jersey Automobile Full Insurance Underwriting Association (hereinafter "JUA"), Electronic Data Systems (hereinafter "EDS"), HCM Claim Management Corporation (hereinafter "HCM"), Terry Seningen and Charles Weatherby, following the trial court's June 25, 1992 order sustaining appellees' preliminary objections and dismissing appellant's, Ernest Rivello, complaint for lack of in personam jurisdiction over appellees. Appellant presents the following question for our review:
Whether personal jurisdiction may be asserted within the Commonwealth over a nonresident insurer which tortiously adjusts a loss incurred within the Commonwealth?
Appellant's Brief at 3. For the reasons set forth below, we affirm.
The relevant facts, as stated by the trial court, are as follows:
On or about November 2, 1990, [appellant] was involved in an automobile collision in the vicinity of Third and Chestnut Streets in Philadelphia, PA. On February 27, 1991, [appellant], a resident of New Jersey, Filed suit in the Court of Common Pleas of Philadelphia County [against appellees *340 JUA and EDS] to recover damages to his vehicle under an automobile insurance policy issued by [EDS], the servicing agent for [JUA]. [Appellant] claimed that [JUA and EDS] improperly refused to honor [appellant's] claim arising out of his accident in Philadelphia and therefore owed [appellant] coverage and punitive damages for having denied coverage.
[JUA and EDS] filed preliminary objections to the complaint before [the trial court] arguing that since all parties were residents of New Jersey, and the policy was issued under the authority of New Jersey law, there had been alleged no connection with Pennsylvania sufficient to allow Pennsylvania's courts to acquire in personam jurisdiction over [JUA and EDS]. [The trial court], in its order of June 5, 1991 sustained [JUA and EDS'] preliminary objections and dismissed [appellant's] claim for lack of in personam jurisdiction over [JUA and EDS]. That order was affirmed on appeal by the Superior Court of Pennsylvania on September 16, 1992. [See Rivello v. N.J. Auto. Full Ins., 419 Pa.Super. 235, 615 A.2d 342 (1992).]
On March 26, 1992, [appellant] filed another complaint against JUA and EDS in which [appellant] also joined [HCM], a servicing company, and individual employees of HCM, Terry Seningen and Charles Weatherby as defendants.[1] This claim arises out of the same incident as the February 27, 1991 claim, that being the November 2, 1990 automobile collision. All three newly joined defendants are located or have listed as their addresses locations in New Jersey.
This Court issued an order on June 2, 1992 sustaining [appellees'] preliminary objections and dismissing [appellant's] complaint for lack of in personam jurisdiction.
Trial Court Opinion, May 20, 1993, at 2. This timely appeal followed.
Initially, we note that "when preliminary objections, if sustained, would result in the dismissal of an action, such objections *341 should be sustained only in cases which are clear and free from doubt." Barber v. Pittsburgh Corning Corp., 317 Pa.Super. 285, 302-303, 464 A.2d 323, 332 (1983) (citation omitted), cert. denied, Charter Consolidated, Ltd. v. Barber, 467 U.S. 1205, 104 S.Ct. 2387, 81 L.Ed.2d 346 (1984). In addition, "when deciding a motion to dismiss for lack of personal jurisdiction[,] the court must consider the evidence in the light most favorable to the nonmoving party." Id. at 303, 464 A.2d at 332 (citation omitted). However, once the moving party has supported his objection to jurisdiction, the burden of proof shifts to the party asserting jurisdiction. Scoggins v. Scoggins, 382 Pa.Super. 507, 514, 555 A.2d 1314, 1318 (1989). With these standards in mind, we will proceed to the merits of this appeal.
Pennsylvania courts may exercise two types of personal jurisdiction over non-resident defendants:
Jurisdiction over a non-resident defendant may be based either upon the specific acts of the defendant which gave rise to the cause of action, or upon the defendant's general activity within the forum state.
Skinner v. Flymo, 351 Pa.Super. 234, 239, 505 A.2d 616, 619 (1986) (citations omitted). In Pennsylvania, general jurisdiction is conferred by 42 Pa.C.S. § 5301 which provides, in pertinent part:
(a) General rule.  The existence of any of the following relationships between a person and this Commonwealth shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over such person . . . and to enable such tribunals to render personal orders against such person or representative:
.....
(2) Corporations. 
.....

*342 (iii) The carrying on of a continuous and systematic part of its general business within this Commonwealth.
Id.
In his brief, appellant points out that as JUA conducts business in Pennsylvania by virtue of its defense of actions brought against its insured and as JUA has many claims pending arising from accidents in Philadelphia, JUA has sufficient minimum contacts with Pennsylvania to establish personal jurisdiction. However, in Rivello v. N.J. Auto. Full Ins., 419 Pa.Super. 235, 615 A.2d 342 (1992), appeal denied, 534 Pa. 640, 626 A.2d 1158 (1993), this court held that "as a statutory creature of the New Jersey legislature which created it to provide automobile insurance to those New Jersey citizens unable to obtain coverage for private carriers[,] . . . [JUA] d[oes] not have the minimum contacts with Pennsylvania to subject it to the personal jurisdiction of the Pennsylvania courts." Id. at 237, 626 A.2d at 343 (citing Colmon v. Maryland Auto. Ins. Fund, 393 Pa.Super. 313, 574 A.2d 628 (1990), appeal denied, 527 Pa. 591, 588 A.2d 912 (1990)). Accordingly, it is clear that Pennsylvania does not have any general personal jurisdiction over JUA.
Regarding EDS and HCM, although appellant presented evidence that they handled claims for JUA and some of those claims involved accidents occurring in Pennsylvania, see Deposition of Terry Seningen, May 8, 1992, there is no evidence demonstrating the extent to which EDS and HCM's general business is devoted to Pennsylvania claims. Hence, we do not have a sufficient basis to make a finding of general personal jurisdiction over EDS and HCM. See Jacobs v. Lakewood Aircraft Serv., Inc., 493 F.Supp. 46, 50 (E.D.Pa. 1980) ("The burden is on plaintiff to support jurisdiction and it cannot be done by guesswork."). Finally, there is no general jurisdiction over Terry Seningen and Charles Weatherby as they were not present in the Commonwealth at the time of service, they are not domiciled in Pennsylvania and they did not consent to Pennsylvania jurisdiction. See 42 Pa.C.S. § 5301(a)(1). Since there is no evidence of general personal jurisdiction over appellees, we will now consider appellant's *343 claims of specific personal jurisdiction under 42 Pa.C.S. § 5322.
Appellant first contends that 42 Pa.C.S. § 5322(b) confers personal jurisdiction over appellees as appellees insured appellant against losses resulting from an accident which occurred in Pennsylvania, and as appellees represented to appellant that they would prepare appellant's defense and intentionally failed to do so. We disagree.
Preliminarily, we point out that the fact that JUA is obligated to cover losses relating to an event occurring in Pennsylvania is not sufficient to support a finding of personal jurisdiction. Rivello v. N.J. Auto. Full Ins., 419 Pa.Super. 235, 615 A.2d 342 (1992) (appellant brought an action against JUA and EDS for their alleged failure to provide appellant with coverage for the damage sustained by his automobile in the November 2, 1990 accident which the trial court properly dismissed for lack of personal jurisdiction over JUA and for failure to state a cause of action against EDS). Accordingly, in the instant action, JUA's failure to provide appellant coverage by way of paying for his defense in an action brought against appellant in Pennsylvania does not confer personal jurisdiction over JUA. Regarding EDS and HCM, as servicing carriers, they have no liability for claims or policies written by JUA and, therefore, they are immune from any actions brought under the policy.[2]Rivello at 237, 615 A.2d at 343.
Appellant contends, nonetheless, that as appellees represented that they would defend appellant and negligently or intentionally failed to do so, appellees have the requisite minimum contacts with Pennsylvania to establish personal jurisdiction pursuant to 5322(b). We disagree.
42 Pa.C.S. § 5322(b) provides as follows:
[T]he jurisdiction of the tribunals of this Commonwealth shall extend to all persons . . . to the fullest extent allowed under the Constitution of the United States and may be *344 based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States.
Id. Moreover, in order to obtain jurisdiction under section 5322(b), the acts which form the basis of a plaintiff's claim of jurisdiction must give rise to the plaintiff's cause of action against defendant. See 42 Pa.C.S. § 5322(c). Accordingly, we must determine whether the alleged negligent or intentional misrepresentation of appellees forms the basis for any legitimate cause of action brought by appellant against appellees.
It is clear that appellees' alleged intentional misrepresentation underlies appellant's cause of action in fraud. However, after a careful review of appellant's complaint, we find that appellant has failed to plead three of the five requisite elements of fraud. Specifically, appellant does not allege that he justifiably relied upon appellee's alleged misrepresentation, that appellees intended to induce appellees to rely upon the alleged misrepresentation and that the damage to appellant was a proximate result of the alleged misrepresentation.[3]
Regarding appellant's causes of action in negligence and infliction of emotional distress, it is uncertain whether appellees' misrepresentation forms the basis of these claims.[4] Finally, it is clear that appellees' misrepresentation does not underlie appellant's contract claim. Accordingly, as appellees' alleged acts of negligent or intentional misrepresentation do not give rise to a valid cause of action brought by appellant, they will not support a finding of jurisdiction under section *345 5322(b).[5]
Appellant next claims that the trial court erred in failing to consider the deposition testimony of Terry Seningen, an employee of HCM, which demonstrates that JUA has sufficient minimum contacts with Pennsylvania to confer personal jurisdiction over JUA. Specifically, appellant asserts that the testimony shows that JUA conducts business in Pennsylvania by virtue of its defense of actions brought against its insureds and that JUA has many claims pending arising from accidents in Pennsylvania. However, as mentioned above, these contacts are not sufficient to confer either general or specific jurisdiction over JUA. Hence, any failure on behalf of the trial court to consider this testimony could not have prejudiced appellant and, therefore, this claim is spurious.
Finally, appellant contends that the trial court improperly dismissed appellant's claims against EDS, HCM, Terry Seningen and Charles Weatherby on the basis that they were immune from suit. Specifically, appellant argues that as appellees' claim of immunity was raised by way of preliminary objection rather than an affirmative defense to the complaint, such a claim was not properly before this court. We disagree.
In Bloom v. DuBois Regional Medical Ctr., 409 Pa.Super. 83, 597 A.2d 671 (1991), this court held that "where the defense [of immunity] is raised by preliminary objections and this procedure is not objected to, the question of immunity from suit may be decided." Id. at 90 n. 4, 597 A.2d at 675 n. 4. Here, we can find no evidence that appellant objected to *346 appellees' defense of immunity in any proceedings before the trial court. Accordingly, we find that the trial court properly considered appellees' defense of immunity. We affirm the entry of judgment.
Judgment affirmed.
NOTES
[1] Specifically, appellant alleged causes of action in contract, negligence, infliction of emotional distress and fraud.
[2] As agents of HCM, Terry Seningen and Charles Weatherby share HCM's immunity.
[3] In order to establish a cause of action in fraud, a plaintiff must plead the following elements with particularity:

(1) a misrepresentation; (2) a fraudulent utterance thereof; (3) an intention by the maker to induce the recipient thereby; (4) justifiable reliance by the recipient on the misrepresentation; and (5) damage to the recipient as a proximate result of the misrepresentation.
Bash v. Bell Telephone Co., 411 Pa.Super. 347, 358-59, 601 A.2d 825, 831 (1992) (citations omitted); see Pa.R.C.P. 1019(b).
[4] Although it is clear that appellees' failure to defend appellant forms the basis for these two causes of action, as mentioned above, this is not sufficient to confer personal jurisdiction over appellees.
[5] Appellant also contends that appellees' alleged investigation of appellant's loss within Pennsylvania supports his claim of personal jurisdiction under § 5322(b). However, as none of appellant's causes of action arise out of this act, 42 Pa.C.S. § 5322 does not provide personal jurisdiction over appellees as a result of this activity.

In addition, appellant argues that the fraudulent acts of appellees confer jurisdiction over appellees under § 5322(a)(4). We disagree. As with § 5322(b), in order to obtain jurisdiction under § 5322(a)(4), it must be established that the acts which form the basis of a plaintiff's claim of jurisdiction also give rise to the plaintiff's cause of action against defendant. Hence, as appellees' acts of intentional misrepresentation do not directly support a cause of action brought by appellant, this claim must fail.