**JOHN HANCOCK PROPERTY & CASUALTY CO.**

v.

**HANOVER INSURANCE COMPANY, Mark Greenstone, Parent and Natural Guardian of Evelyn Greenstone, in her own right, Roxanne Greenstone and Federal Insurance Company.**

Civ. A. No. 93–6968.

United States District Court, E.D. Pennsylvania.

July 14, 1994.

Richard K. Hohn, Gallagher, Reilly and Lachat, P.C., Philadelphia, PA, for plaintiff.

Andrew J. Gallogly, Philadelphia, PA, for defendant Hanover Ins. Co.

Philip A. Yampolsky, Hopkins & Yampolsky, P.C., Philadelphia, PA, for defendant Mark Greenstone.

Stephen P. Patrizio, Dranoff and Patrizio, P.C., Philadelphia, PA, for defendant Roxanne Greenstone.

Robert B. White, Jr., Rapp, White, Janssen & German, Ltd., Philadelphia, PA, for defendant Federal Ins. Co.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

This declaratory judgment action has been brought before this court by motion of the defendant, Hanover Insurance Company, to transfer this case to the U.S. District Court for the District of New Jersey or, in the alternative, for summary judgment. For the reasons set forth below, the motion to transfer is granted and this action is transferred to the U.S. District Court for the District of New Jersey.

### I. HISTORY OF THE CASE.

The instant case has its origins in an accident which occurred on June 29, 1988 near the intersection of 11th and Christian Streets in Philadelphia, PA, when the minor defendant, Evelyn Greenstone was struck by a motor vehicle being operated by one Robert Altenbach while she was exiting a double-parked car operated by her mother, Roxanne Greenstone. At the time of the accident, the Greenstone defendants were residents of New Jersey and the motor vehicle from which Evelyn Greenstone was disembarking when she was struck was insured by the New Jersey Automobile Full Insurance Underwriting Association (hereinafter "NJAFIUA" or "JUA") through its servicing carrier, the Hanover Insurance Company. This accident subsequently resulted in the filing of a lawsuit in November, 1989 by Mark and Evelyn Greenstone against Roxanne Greenstone and Robert Altenbach in the Court of Common Pleas of Philadelphia County. At all relevant times, Mark and Roxanne Greenstone were husband and wife and, in addition to their policy of automobile insurance, were insured by the plaintiff John Hancock Property & Casualty Company under a homeowner's policy on their Cherry Hill, New Jersey home. Mr. and Mrs. Greenstone also had an excess insurance policy with the defendant Federal Insurance Company.

From all appearances, John Hancock has been providing a defense for Mrs. Greenstone in the Philadelphia County action notwithstanding its contention that it is not obligated to do so by virtue of an exclusion in the Greenstone's policy. That exclusion states that coverage is not provided for liability which arises from the use, maintenance, ownership, loading or unloading of a motor vehicle. Plaintiff therefore filed this action seeking a judicial declaration that defendant Hanover Insurance Company is obligated to defend and indemnify Roxanne Greenstone for the Philadelphia County lawsuit filed against her by her husband and daughter as well as reimbursement for the funds it has thus far expended in providing Mrs. Greenstone with a defense in that case.

By way of the motion which is currently pending before this court, Hanover Insurance Company contends that, pursuant to New Jersey law, it is merely the servicing carrier for the NJAFIUA and has no liability for claims written by the Association. Consequently, Hanover argues, the NJAFIUA is an indispensable party to this action but cannot be joined herein because it has no contacts with either Pennsylvania or this district and thus this court does not have jurisdiction over it. While Hanover and the NJAFIUA will stipulate to its joinder if this action is transferred to the District of New Jersey; failing transfer, the action cannot stand against Hanover alone in this district. We agree.

The instant motion is somewhat unique in that it requests transfer or the entry of summary judgment in lieu of dismissal for failure to join an indispensable party pursuant to Fed.R.Civ.P. 12(b)(7) and 19. The matter is also noteworthy in that while none of the parties dispute Hanover's contention that the JUA is a proper party to these proceedings and the plaintiff does not object to the proposed transfer, the other defendants do object and dispute Hanover's contention that this court lacks the necessary *in*

*personam* jurisdiction over the JUA to proceed further.

■ It is axiomatic that the determination of whether a party is "indispensable" under Rule 19 involves a two-step analysis. First the court must determine if the missing party is a "necessary party" within the meaning of Fed.R.Civ.P. 19(a). *Ferrofluidics Corp. v. Advanced Vacuum Components, Inc.*, 789 F.Supp. 1201, 1207 (D.N.H.1992), aff'd, 968 F.2d 1463 (1st Cir.1992). Once the court finds that the party is "necessary," it then proceeds to the second step in the analysis under Rule 19(b) whereby it must decide "whether in equity and good conscience the action should proceed among the parties which are before it" or should be dismissed. Dismissal of the action thus follows from a finding that the absent party is "indispensable." *Id.*

■ In determining whether a party is necessary, the court's inquiry should focus on whether: (1) in the party's absence complete relief cannot be accorded among those already parties; (2) the missing party claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. Fed.R.Civ.P. 19(a).

■ In determining whether a party is indispensable, the court must consider:

(1) plaintiff's interest in selecting the forum;

(2) defendant's interest in avoiding multiple litigation, inconsistent relief or sole responsibility for liability shared with others;

(3) the interest of absent yet necessary parties; and

(4) the interest of courts and the public in complete, consistent and effective settlement of controversies. *Federal Deposit Insurance Corp. v. Beall*, 677 F.Supp. 279, 283 (M.D.Pa. 1987), citing *Whyham v. Piper Aircraft Corp.*, 96 F.R.D. 557, 560 (M.D.Pa.1982).

The party raising the defense of failure to join an indispensable party has the burden to show that the person who is not joined is needed for a just adjudication. *Id.*, citing 7 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 1609.

■ Likewise, in deciding a motion to dismiss for lack of personal jurisdiction, the allegations of the complaint are taken as true, but the burden of proof remains with the plaintiff to demonstrate a jurisdictional predicate with competent proof. *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 63 (3rd Cir.1984); *Lynch v. New Jersey Automobile Full Insurance Underwriting Association*, 762 F.Supp. 101, 103 (E.D.Pa.1991); *Bucks County Playhouse v. Bradshaw*, 577 F.Supp. 1203, 1206 (E.D.Pa. 1983). To determine whether *in personam* jurisdiction exists over a nonresident, a district court sitting in diversity must first look to the forum state for authorization of jurisdiction through the forum state's long arm statute. If the long arm statute in fact confers jurisdiction, it must of course comport with the due process clause of the Constitution. *Amos By Amos v. Pendry*, 810 F.Supp. 146, 148 (M.D.Pa.1992).

Under the Pennsylvania long arm statute, 42 Pa.C.S.A. § 5322, in addition to the particular activities enumerated in subsection (a), jurisdiction of the Pennsylvania courts may be exercised with respect to all persons, including corporations, "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa.C.S.A. § 5322(b). Accordingly, since Pennsylvania's statute expressly incorporates the federal due process standard, the courts need only focus upon whether the exercise of in personam jurisdiction under the facts and circumstances of a particular case satisfies due process requirements. *Id.*, citing *Van Buskirk v. Carey Canadian Mines, Ltd.*, 760 F.2d 481, 490 (3rd Cir.1985).

■ In this regard, it should be noted that personal jurisdiction can be either general or specific. A finding of "general jurisdiction" requires that a defendant be "present" in the

state either because he is a resident, has consented to be sued here, or regularly does business here. In other words, it must be shown that the defendant maintained continuous and substantial forum affiliation. *Jaffe v. Julien,* 754 F.Supp. 49, 52 (E.D.Pa.1991), citing *Schwilm v. Holbrook,* 661 F.2d 12, 14 (3rd Cir.1981). "Specific" jurisdiction, on the other hand, applies where the plaintiff's cause of action arises from the defendant's forum-related activities. To establish specific jurisdiction, the defendant must be shown to have sufficient minimum contacts with the state such that he should reasonably anticipate being haled into court there and that maintenance of the suit does not offend traditional notions of fair play and substantial justice. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980); *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

■ Motions to transfer actions, on the other hand, are generally determined on the basis of venue or convenience. Under 28 U.S.C. § 1391(a), actions premised upon the diverse citizenship of the parties "may ... be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Although the district courts have broad discretion to decide whether to transfer an action, the plaintiff's choice of forum is entitled to great weight and it is therefore the burden of the moving party to justify the transfer. *Leonardo Da Vinci's Horse, Inc. v. O'Brien,* 761 F.Supp. 1222, 1229 (E.D.Pa. 1991).

■ Applying all of the foregoing principles to this case, we again note that it is the other defendants—not the plaintiff, who is objecting to the moving defendant's request to transfer this action to the District of New Jersey. Thus, we conclude that the plaintiff's choice of forum is entitled to considerably less weight than it might otherwise be in evaluating a transfer request. In support of their argument in opposition that this court *is* vested with personal jurisdiction over the NJAFIUA in this action, however, defendants point only to the NJAFIUA's retention of both coverage and defense counsel within the confines of the City of Philadelphia.

It has repeatedly been held that the retention of counsel and the fact that the NJAFIUA is obligated to cover losses relating to an event which occurred in Pennsylvania is not enough, in and of itself, to support a finding of personal jurisdiction under the Pennsylvania long arm statute. *Rivello v. New Jersey Automobile Full Insurance Underwriting Association,* 432 Pa.Super. 336, 638 A.2d 253, 257 (1994). To be sure, the law in this area couldn't be more clear—servicing carriers under the New Jersey Automobile Full Insurance Availability Act, N.J.S.A.17:30E–1, *et seq.,* "have no individual liability for claims or policies written by the association." N.J.S.A. 17:30E–7(e); *Knox v. State Farm Insurance Company,* 698 F.Supp. 582, 586 (E.D.Pa. 1988); *Rivello v. New Jersey Automobile Full Insurance Underwriting Association,* 419 Pa.Super. 235, 615 A.2d 342, 343 (1992), *appeal denied,* 534 Pa. 640, 626 A.2d 1158 (1993). It is therefore equally clear that the NJAFIUA is an indispensable party in actions such as this one where the insurer against whom declaratory judgment is sought (Hanover) is merely the servicing agent for the Association and where any recovery would not be from the insurer but from the Association itself. *See: Damico v. Royal Insurance Co.,* 383 Pa.Super. 239, 556 A.2d 886 (1989). Moreover, there has been no showing whatsoever in this case that the NJAFIUA has *any* contacts at all with this forum other than its servicing carrier Hanover's retention of counsel from Philadelphia. Surely, the Association could not have reasonably expected that it could be haled into court in Pennsylvania on this basis. *See:*

**170**

*Lynch v. New Jersey Automobile Full Insurance Underwriting Association,* 762 F.Supp. 101, 105 (E.D.Pa.1991).

In view of all of the foregoing and in light of the plaintiff's apparent acquiescence in movant's request for transfer, we believe the interests of judicial economy are best served (and the filing of multiple actions best avoided) not by dismissing this action outright for failure to join an indispensable party but by forwarding this action to the District of New Jersey with the understanding that the JUA has stipulated to its voluntarily joinder as a party in that forum. In so doing, however, we make no findings with respect to the potential jurisdiction of the New Jersey District Court over all of the defendants named here. That issue was not presented to this court for consideration and, in any event, it is best left to the New Jersey Court to consider and weigh the contacts which it has with the parties in this case, should those parties elect to raise that as an issue in that forum.

An appropriate order follows.

### ORDER

AND NOW, this 14th day of July, 1994, upon consideration of the Motion of Defendant Hanover Insurance Company to Transfer this Case to the U.S. District Court for the District of New Jersey or, Alternatively, for Summary Judgment, it is hereby ORDERED that for the reasons set forth in the foregoing Memorandum, the Motion to Transfer is GRANTED and the Clerk of Court is DIRECTED to TRANSFER this case forthwith to the U.S. District Court for the District of New Jersey.