230 N.J. Super. 111 (1989)
552 A.2d 1023
ROBERT BIDNICK, PLAINTIFF-RESPONDENT,
v.
HANOVER INSURANCE COMPANY, INC., AND N.J. AUTOMOBILE FULL INSURANCE UNDERWRITING ASSOCIATION, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued November 29, 1988.
Decided January 27, 1989.
*112 Before Judges LONG, MUIR, Jr., and KEEFE.
Matthew J. Connahan argued the cause for appellants (Maloof, Lebowitz & Bubb, attorneys; Catherine M. Langlois, of counsel and on the brief).
*113 Lewis R. Shafer argued the cause for respondent (Shurkin & Fershing, attorneys; Lewis R. Shafer, on the brief).
The opinion of the court was delivered by MUIR, Jr., J.A.D.
When the Legislature enacted the New Jersey Full Insurance Availability Act (Act), N.J.S.A. 17:30E-1 et seq., it did so to provide New Jersey insurance consumers with automobile insurance at standard market rates. See N.J.S.A. 17:30E-2. It designed the Act so that only persons domiciled in New Jersey qualified for automobile insurance policies issued by servicing carriers on behalf of the New Jersey Full Underwriting Association (Association). See N.J.S.A. 17:30E-3m, -4. The pivotal issue on this appeal is whether a servicing carrier has grounds to rescind an insurance policy issued pursuant to the Act after the carrier learns the insured, actually a New York resident, falsely represented he was a New Jersey resident to secure benefits of an Association-issued policy. We conclude the carrier properly rescinded the policy.
Plaintiff, a New York resident, applied for Association insurance through a Flushing, New York, brokerage firm with defendant Hanover Insurance Company, Inc. (Hanover) as the servicing carrier. Plaintiff represented his address as being in New Jersey. Hanover issued the policy on behalf of the Association for a period effective April 8, 1985 to April 8, 1986. It issued the policy after it received an Association application form signed by plaintiff representing his address, on April 8, 1985, to be 46 1/2 N. Central Ave., Ramsey, New Jersey. Plaintiff applied for the coverage through Rally Brokerage LTD of Flushing, New York. Due to his driving record, the applied for coverage would have cost $1800 under the New York rate structure, but only $708 under the Association rates.
Following issuance of the Association policy, and during the policy's effective dates, defendant filed a property damage claim. The insured vehicle was stolen from a street in Queens, *114 New York. After recovering the vehicle in damaged condition, plaintiff sought payment of the cost of the damage sustained. Hanover denied the claim when an investigation disclosed plaintiff's New York residency. It then rescinded the policy and rebated the paid premium. Plaintiff filed a complaint, in the nature of a declaratory judgment, seeking compensatory damages. Following approximately three days of trial, the trial judge held Hanover liable under the policy.[1] The judge found plaintiff had falsely represented his residency, but nevertheless concluded that the misrepresentation was not so material as to preclude coverage since the carrier could adjust the premium to reflect the higher New York insurance rates. He thereafter entered judgment for cost of the damage repair, with interest.
Although he represented his April 1985 address as Ramsey, New Jersey, the credible evidence countervailed that representation. Cf. Rova Farms Resorts v. Investors Ins. Co., 65 N.J. 474, 484 (1974). In April 1985, plaintiff worked full time at Bayside High School in Queens. He was a registered voter of New York State. In fact, he had voted in 1984, using his parents' West Islip address for that purpose. He also used the West Islip address as a mailing address and as "my permanent residence" in order to maintain his qualification for New York State medical benefits arising out of a 1976 injury claim. Plaintiff did all his banking in West Islip. His 1984 and 1985 federal income tax returns listed the West Islip address as his residence. He listed the same address as his residence on his 1985 New York income tax return. He did not file a New Jersey income tax return in 1985. At the time the car was stolen, he lived with his girlfriend in Queens.
*115 Plaintiff did not qualify for Association insurance. At the time he applied for Association coverage, he was not domiciled in New Jersey. N.J.S.A. 17:30E-3m. Indeed, as the trial judge found, from the time of his application to the time of his claim he was a New York resident. Only by falsely representing he had a New Jersey address did he gain Association coverage.
The false representation of New Jersey residence allowed Hanover to rescind the Association policy. The Act is a New Jersey oriented insurance program. Not only does it limit policies to those domiciled in New Jersey, but it provides income from New Jersey sources to assure the Association will be a no-loss operation. N.J.S.A. 17:30E-3e, -4, -8a. In fact, one source of Association income, the residual market equalization charge, is a levy on New Jersey insureds. Under such a blueprint, the advantageous coverage benefits of the Act cannot inure to a non-resident under any circumstances.
The trial judge, in ruling Hanover could readjust the premiums, misconstrued the role of the servicing carrier.[2] Hanover had no contractual liability under the policy. The servicing carrier is not the provider of the insurance. The Association is the insurer with the policy issued in the name of the servicing carrier. N.J.S.A. 17:30E-7e. The servicing carrier is nothing more than an agent for the Association. It is paid for its services, N.J.S.A. 17:30E-7j, but not liable for claims or policies written by the Association. N.J.S.A. 17:30E-7e. Moreover, the servicing carrier does not set the rates. The Association sets the rates pursuant to N.J.S.A. 17:30E-13. Thus, Hanover had no responsibility under the Act to increase the premium and be the insurer on the policy. Its recourse, on learning of plaintiff's New York residency, was to rescind the policy.
*116 Nonetheless, plaintiff argues the holding in Fillippello v. Allstate Ins. Co., 172 N.J. Super. 249 (App.Div. 1979), supports the trial judge's ruling. We find Fillippello inapposite. It does not deal with a policy issued pursuant to the Act. Moreover, here we are not dealing with benefits payable to an innocent third party as was the situation in Fillippello. See id. at 257. More significantly, in Fillippello, Allstate did not reserve the right to cancel the policy in the event the insured provided misleading information, but merely reserved the right to adjust the premium. Id. at 256. Here, the policy had no similar limitation. In fact, the application contained a provision wherein plaintiff agreed the policy could be cancelled if he provided any "misleading information."
In sum, when a servicing carrier issues a policy on behalf of the Association pursuant to N.J.S.A. 17:30E-1 et seq., and the carrier later learns the insured is not domiciled in New Jersey, the carrier may rescind the policy and rebate the paid premium.
Reversed and remanded for entry of judgment in favor of defendants.
NOTES
[1] Under N.J.S.A. 17:30E-7e, the servicing carrier has no liability for claims under Association policies. That section of the Act provides servicing carriers, as agents of the Association, shall have no individual liability for claims or policies written by the Association. Accordingly, only the Association is subject to judgments arising from claims on Association policies issued by a servicing carrier.
[2] The judge correctly recognized the Association could issue policies only in New Jersey.