**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2100-19

LISA BOBAL,

    Plaintiff-Appellant,

v.

ATLANTICARE,
ATLANTICARE EMERGENCY
DEPARTMENT HAMMONTON,

    Defendant-Respondent.

_____

Submitted January 26, 2021 – Decided April 27, 2021

Before Judges Moynihan and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-1282-19.

Lento Law Group, PC, attorneys for appellant (Joseph D. Lento, on the briefs).

Jill R. O'Keeffe, attorney for respondents.

PER CURIAM

In this medical-negligence case, plaintiff appeals an order granting defendant's motion for summary judgment and dismissing with prejudice plaintiff's complaint due to plaintiff's failure to comply with the Affidavit of Merit Statute, N.J.S.A. 2A:53A-26 to -29. Because we agree plaintiff was required to submit an affidavit of merit and failed to submit a statutorily-compliant affidavit, we affirm.

Plaintiff Lisa Bobal filed a complaint on May 15, 2019, and the next day filed another document also labeled "complaint"[1] naming as defendants "Atlanticare" and "Atlanticare Emergency Department Hammonton"[2] as well as fictitious defendants she described as "medical doctors and/or medical personnel and/or hospital administrative staff." According to plaintiff, the "medical professionals specializ[ed] in the field of emergency medicine . . . were duly licensed to practice medicine . . . and held themselves out to the public, as being

---

[1]  The differences between the first-filed complaint and the second-filed complaint appear to be stylistic rather than substantive. We quote language from the second-filed complaint.

[2]  According to AtlantiCare Regional Medical Center, it was improperly pleaded as "Atlanticare" and "Atlanticare Emergency Department Hammonton." Accordingly, we will refer to AtlantiCare Regional Medical Center, "AtlantiCare," and "AtlantiCare Emergency Department Hammonton" as "AtlantiCare," "hospital," or "defendant."

skilled, careful and diligent in the practice of their profession and specialty as emergency medical care professionals."

Plaintiff alleged she had sought treatment on or about May 16, 2017, at defendant's emergency room because she was "unable to walk and keep her balance." According to plaintiff, an "[e]mergency [r]oom physician wanted to prescribe [her] medication for [a]nxiety despite presenting with mobility symptoms" and she was "discharged without the proper diagnoses and/or evaluation" and "was made to leave the [e]mergency [r]oom . . . without staff assistance or assistance of a wheelchair." Plaintiff contended that as a result, she became unstable when exiting the emergency room, fell, hit her head, and suffered "a severe head injury." Plaintiff asserted she "was refused, neglected or not provided the treatment sought and her symptoms were misdiagnosed" and described the negligence of defendant and its agents as "consist[ing of] their failing to diagnose and rendering proper treatment and attention to [her]."

The hospital filed an answer, including a demand that "plaintiff produce an appropriately licensed and qualified expert with respect to any direct claims against the hospital or its employees, prepared in accordance with N.J.S.A.

2A:53A-27 within sixty (60) days." After the court conducted a Ferreira[3] conference, plaintiff produced an affidavit authored by Lawrence J. Guzzardi, M.D.[4] In the affidavit, "[b]ased upon the records [he had] reviewed," Dr. Guzzardi opined "there is a reasonable probability that the care, skill, or knowledge exercised or exhibited in the treatment of [plaintiff] while at the AtlantiCare Emergency Department . . . by the AtlantiCare Emergency Room Staff, . . . fell outside of the professional care and treatment standards for Emergency Medicine."

In the affidavit, Dr. Guzzardi certified that he was a "licensed physician" in Pennsylvania and had been "[b]oard certified and recertified in [e]mergency [m]edicine and [f]amily [p]ractice." When plaintiff fell outside of defendant's emergency room, he was "[b]oard certified in the field of [m]edical [t]oxicology." He does not claim he was board certified in emergency medicine when plaintiff fell. He included emergency medicine in a list of subjects about which he previously had testified. He also stated that "[f]or the last five years

---

[3] Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144 (2003).

[4] Plaintiff did not submit any other affidavits, such as an affidavit from a nursing specialist, and has not asserted the common-knowledge exception to the Affidavit of Merit Statute applies. See Cowley v. Virtua Health Sys., 242 N.J. 1, 16-17 (2020).

4                                                                      A-2100-19

[he had] limited [his] practice to study and testimony in [e]mergency [m]edicine and [m]edical [t]oxicology to include correctional care and substance abuse." He did not state he was "credentialed by a hospital" or engaged in "active clinical practice" or "the instruction of students" at any time in the past five years. See N.J.S.A. 2A:53A-41.

Defense counsel objected to the affidavit, stating it failed to comply with the requirements of the Affidavit of Merit Statute in that the affiant "has not been board certified in emergency medicine since 2009 nor does it appear that he practices in the area of emergency medicine or in an emergency department." Defense counsel also complained that she had not received a copy of the affiant's curriculum vitae even though she had requested one. According to defendant, plaintiff did not respond to that letter.

Defendant moved for summary judgment, arguing that plaintiff had failed to submit an affidavit by an appropriately licensed person pursuant to the Affidavit of Merit Statute. In a certification, defense counsel complained about not receiving a copy of the affiant's curriculum vitae; contended the affiant's website, https://lawrenceguzzardi.com/forensic-toxicologist.html, revealed he had not been board certified in emergency medicine since 2009 and had not practiced in the field of emergency medicine in the last five years; and attached

a copy of the affiant's credentials from his website. Those credentials referenced "litigation consulting" and contained the assertions that Dr. Guzzardi "can provide the insight you need on these matters in the courts and when dealing with insurance companies" and that "his commitment to make himself available full time for testimony shows that he is a capable and concise witness." The credentials did not state that Dr. Guzzardi was "credentialed by a hospital" or engaged in "active clinical practice" or "the instruction of students" at any time in the past five years. See N.J.S.A. 2A:53A-41. Plaintiff did not dispute defendant's summary of Dr. Guzzardi's credentials.

At oral argument, defense counsel represented to the court that plaintiff had been treated by Dr. Louis Sabatini, "an emergency medicine physician," and that Dr. Sabatini was board certified. When the court asked defense counsel if Dr. Sabatini was board certified in emergency medicine, she responded, "[h]e is." She then relayed the basis of that assertion.

> [DEFENSE COUNSEL]: And that was information that I actually just Googled . . . I didn't have that information. He is not an employee, so I just took the liberty of Googling him by looking at his name in the record, and, you know, under the – the appropriate [b]oard specialty website, and found that he was [b]oard certified.

A-2100-19

Defense counsel did not identify the "[b]oard specialty website" she had reviewed and did not provide a copy of what she had reviewed or of any document establishing Dr. Sabatini was board certified in emergency medicine. Defendant had not supported its motion with a certification from Dr. Sabatini or anyone with personal knowledge of his credentials and expertise. Cf. Buck v. Henry, 207 N.J. 377, 383 n.1, 387 (2011) (noting that the summary-judgment record was "sparse" but included a certification of the treating physician in which he certified what his specialty was, that his specialty was recognized by the American Board of Medical Specialties, and that his treatment of plaintiff involved his specialty).

Neither the court nor plaintiff's counsel questioned the source of defense counsel's assertion. Instead, plaintiff's counsel contended he did not have records regarding plaintiff's visit to defendant's emergency room and that defendant had not previously identified Dr. Sabatini as plaintiff's treating physician.

Defense counsel assured the court Dr. Sabatini was named in records defendant had provided to plaintiff, pointing out that in his affidavit, Dr. Guzzardi stated he had reviewed records. She contended plaintiff's counsel had not advised her he was missing records and had not submitted pursuant to

7

N.J.S.A. 2A:53A-28 a sworn statement in lieu of an affidavit of merit stating defendant had failed to provide records. She advised the court she did not have the records with her and asked if she could supplement the record. The court granted that request.

When the court asked plaintiff's counsel if Dr. Guzzardi had reviewed records produced by defendant, plaintiff's counsel conceded Dr. Guzzardi had reviewed some records and advised the court he was "a little gun shy of . . . making a representation which I may not know," telling the court he had been "asked to cover this hearing." He nevertheless went on to make several unsupported representations to the court about Dr. Guzzardi, including that he "did practice in emergency medicine," "taught in emergency medicine," "continues to practice medicine," "is a teacher," and "does continue to have a practice where he deals mostly with inmates . . . where he obviously is aware of emergency medicine." Plaintiff's counsel provided no support for those assertions. The record is devoid of any evidence that Dr. Guzzardi had been engaged in "active clinical practice" or "the instruction of students in an accredited medical school" at any time in the past five years. See N.J.S.A. 2A:53A-41.

Citing N.J.S.A. 2A:53A-41, defense counsel also argued that even if the plaintiff's treating physician was not board certified or if plaintiff did not know the treating physician was board certified, she was required to submit "for non-[b]oard certified emergency room physicians that specialize in emergency medicine which all – all of them do" an affidavit of merit from someone "practicing or working at the time in that specialty, which Dr. Guzzardi did not do." In response, plaintiff's counsel argued Dr. Guzzardi was specialized "at one point" and "[n]o one says he is still not specialized, he is just not [b]oard certified in that area."

The court advised counsel "what is missing in my mind in order for me to rule on this motion . . . is the issue of whether or not those records were in fact in plaintiff's possession," noting the court found it "hard to believe that the case would get this far without plaintiff having secured the very medical records that are apparently at issue." The court asked defense counsel to supplement the record, gave plaintiff an opportunity to respond to defendant's supplemental submission, and asked plaintiff's counsel to submit Dr. Guzzardi's curriculum vitae. The court stated, "if I am satisfied that those records were in plaintiff's possession and those records include Dr. Sabatini's name, I am inclined to grant the motion."

The court granted the motion in a written opinion. In the "Party Contentions" section of the opinion, the court stated that since oral argument, "defendant provided the court with records illustrating that Louis Sabatini, D.O., a doctor board certified in emergency medicine, was the physician who attended plaintiff." The court did not specify what those records were or what, if any, evidence in the motion record supported defendant's assertion that Dr. Sabatini was board certified in emergency medicine. Defendant included in its appellate appendix documents it identifies as "RECORDS FROM ATLANTICARE REGIONAL MEDICAL CENTER," which "include[] the visit in question." Defendant did not confirm that these records were the records provided to the trial court. The records identify Dr. Sabatini as the "Attending Provider." They do not state whether Dr. Sabatini was board certified.

In the "Findings of Fact" section of the opinion, the court found Dr. Guzzardi "is presently board certified in [m]edical [t]oxicology," "was board certified in [e]mergency [m]edicine from 1979 to 2009," and "has not practiced [e]mergency [m]edicine in the last five years."

In the "Discussion" section of the opinion, the court concluded emergency medicine was a specialty recognized by the American Board of Medical Specialties; the treatment plaintiff received involved the specialty of emergency

10                                                          A-2100-19

medicine, citing plaintiff's allegation in her complaint that "medical professionals" who had treated her "specializ[ed] in the field of emergency medicine . . . [were] duly licensed to practice medicine . . . and held themselves out to the public, as being skilled, careful and diligent in the practice of their profession and specialty as emergency medical care"; and plaintiff knew or should have known Dr. Sabatini was the treating physician based on the records provided to her. Having drawn those conclusions, the court applied the "heightened requirements" of N.J.S.A 2A:53A-41 and held that Dr. Guzzardi's affidavit failed to comply with the Affidavit of Merit Statute because he had not been board certified in emergency medicine since 2009 and had not been engaged in "the active practice of emergency medicine or teaching student[s] emergency medicine at an accredited school." The court also held that plaintiff had not "plead[ed] substantial compliance or illustrated extraordinary circumstances" excusing plaintiff's failure to comply. The court issued an order granting defendant's motion and dismissing plaintiff's complaint with prejudice.

On appeal, plaintiff asserts that, contrary to defense counsel's representation to the trial court at oral argument, Dr. Sabatini was board certified in family medicine and not board certified in emergency medicine. To support that assertion, plaintiff included in her appellate appendix a document she

described as "America Board of Medical Specialties Website Excerpts for Dr. Louis Sabatini (05/11/2020)." Dated more than five months after the court's order, that document clearly was not part of the motion record. Plaintiff argues that because Dr. Sabatini was not board certified in emergency medicine, Dr. Guzzardi was not required to be board certified in emergency medicine and, thus, his affidavit was compliant with the Affidavit of Merit Statute. Plaintiff argues she substantially complied with the Affidavit of Merit Statute because Dr. Guzzardi previously had been board certified in emergency medicine from 1979 to 2009 and "continues to testify in a variety of disciplines, including emergency medicine." If the affidavit is deemed not compliant, she asks for the opportunity to "find another physician to complete another [affidavit]." Plaintiff again places the blame for her failure to comply on defendant for not previously identifying Dr. Sabatini as plaintiff's treating physician.

In response, defendant again asserted Dr. Sabatini was board certified in emergency medicine, now relying on a document produced apparently for the first time in its appellate appendix. That document, which was not attached to any certification of Dr. Sabatini or anyone with personal knowledge, see R. 1:6-

6 and <u>Celino v. Gen. Accident Ins.</u>, 211 N.J. Super. 538, 544 (App. Div. 1986),[5] appears to be a December 12, 2018 letter to Dr. Sabatini from the American Board of Physician Specialties, stating, "[t]he Board of Certification in Emergency Medicine, an affiliate of the American Board of Physician Specialties, is pleased to inform you that you have passed the written examination and have now successfully met all requirements for board recertification in [e]mergency [m]edicine." Defendant argues plaintiff submitted for the first time in her appellate appendix Dr. Guzzardi's curriculum vitae, which confirms that he is not qualified to author an affidavit of merit in this case because he has not worked in emergency medicine in a hospital since 1998, has not been board certified in emergency medicine since 2009, has not

---

[5] Information from this document is not included in Dr. Sabatini's professional profile made public pursuant to the New Jersey Health Care Consumer Information Act, N.J.S.A. 45:9-22.21. That Act authorizes the New Jersey Division of Consumer Affairs in the Department of Law and Public Safety to collect and maintain information on all physicians licensed in New Jersey for the purpose of creating a profile that is accessible by the public. <u>See</u> <u>N.J.S.A.</u> 45:9-22.22. According to the New Jersey Division of Consumer Affairs website, Dr. Sabatini self-reported that he was board certified in emergency medicine in 1997 and that that board certification expired in 2007. <u>See</u> The State of New Jersey, New Jersey Health Care Profile, https://www.njdoctorlist.com/home.jsp (last visited Apr. 7, 2021). The website states that the self-reported board certification information was provided "by the practitioner but has not been independently verified by the State Board of Medical Examiners or the Division of Consumer Affairs." <u>Ibid.</u>

A-2100-19

had any teaching responsibilities since 1990, has not sat on any hospital committees since 1988, has not published or lectured in the field of emergency medicine since the 1990s, was not in active clinical practice, and did not instruct students at an accredited institution. Defendant also argues plaintiff did not meet the elements of substantial compliance.

In reply, plaintiff asserts that to be board certified under N.J.S.A. 2A:53A-41, Dr. Sabatini must have been certified by the American Board of Medical Specialties or the American Osteopathic Association and that his purported certification by the American Board of Physician Specialties, the entity that authored the December 12, 2018 letter to Dr. Sabatini, does not render him board certified for purposes of the Affidavit of Merit Statute. Plaintiff asks us to sanction defendant under Rules 2:9-9 and 2:11-4(c).

"The submission of an appropriate affidavit of merit is considered an element of the claim." Meehan v. Antonellis, 226 N.J. 216, 228 (2016). Thus, "[f]ailure to submit an appropriate affidavit ordinarily requires dismissal of the complaint with prejudice." Ibid.; see also Cowley, 242 N.J. at 16. Accordingly, we review de novo the legal issues presented in an affidavit-of-merit motion. Id. at 230. We also review a trial court's grant of summary judgment de novo under the same standard that applies to trial courts. Templo Fuente De Vida

Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016). We view the facts in a light most favorable to non-moving party. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 536 (1995). We give deference to the trial court's factual findings but not to the application of law to those findings. Lee v. Brown, 232 N.J. 114, 126-27 (2018). To be entitled to deference, a trial court's factual finding must be supported by credible evidence in the record. Zaman v. Felton, 219 N.J. 199, 215 (2014).

The Affidavit of Merit Statute requires a plaintiff "[i]n any action for damages for personal injuries . . . resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation" to "provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices." N.J.S.A. 2A:53A-27. The purpose of the statute is "to weed out frivolous claims against licensed professionals early in the litigation process." Meehan, 226 N.J. at 228; see also Haviland v. Lourdes Med. Ctr. of Burlington Cnty., Inc., ___ N.J. Super. ___, ___ (App. Div. 2021) (slip op. at 6) (intent of Legislature was to ensure parties did not waste time or resources on unnecessary

litigation, including discovery). Thus, pursuant to the statute, a plaintiff must provide a defendant with "an affidavit that indicates the plaintiff's claim has merit." Fink v. Thompson, 167 N.J. 551, 559-60 (2001).

To demonstrate a claim is meritorious in accordance with the Affidavit of Merit Statute, a plaintiff must "obtain[] an affidavit from an appropriate, licensed expert attesting to the 'reasonable probability' of professional negligence." Ferreira, 178 N.J. at 149-50. An affidavit of merit must be executed by a like-licensed professional. Hill Int'l, Inc. v. Atl. City Bd. of Educ., 438 N.J. Super. 562, 587 (App. Div. 2014). As set forth by our Legislature in N.J.S.A. 2A:53A-27 and -41, in medical malpractice cases, that requirement means that if the allegedly negligent doctor was a specialist in a recognized specialty, the affiant must be a specialist in that specialty; if the allegedly negligent doctor was board certified in a recognized specialty, the affiant must be board certified in that specialty. See N.J.S.A. 2A:53A-41(a). If the allegedly negligent doctor was not specialized and was a general practitioner, then the affiant need not be specialized but must be a general practitioner. See N.J.S.A. 2A:53A-41(b). The Legislature defined general practitioner as someone who:

> during the year immediately preceding the date of the occurrence that is the basis for the claim or action, shall have devoted a majority of his professional time to:

(1) active clinical practice as a general practitioner; or active clinical practice that encompasses the medical condition, or that includes performance of the procedure, that is the basis of the claim or action; or

(2) the instruction of students in an accredited medical school, health professional school, or accredited residency or clinical research program in the same health care profession in which the party against whom or on whose behalf the testimony is licensed; or

(3) both.

[Ibid.]

The parties' extensive arguments on appeal, which were supported by documents the parties had not submitted to the trial court, about whether Dr. Sabatini was board certified in emergency medicine are of no moment. The real issue on board certification is that in its summary-judgment motion, defendant failed to provide the trial court with credible evidence of Dr. Sabatini's purported board certification. Defense counsel's unsworn statement about her Google search results is not credible evidence that the trial court could have considered in deciding defendant's summary-judgment motion. Defendant cannot cure that critical omission by submitting on appeal a document it failed to provide to the trial court. Because it was not part of the motion record, we cannot consider the December 12, 2018 letter, just as we cannot consider the May 11, 2020 website

17

excerpt plaintiff submitted. See Townsend v. Pierre, 221 N.J. 36, 45 n.2 (2015) ("We do not consider [evidence] that was not presented to the trial court and that was submitted by the parties for the first time on appeal."); Davis v. Devereux Found., 209 N.J. 269, 296 n.8 (2012) ("As this Court has long held, appellate review is limited to the record developed before the trial court.").

Our inquiry does not end there. The trial court did not base its decision on Dr. Guzzardi's lack of emergency-medicine board certification; it based its decision on the undisputed fact that Dr. Guzzardi did not specialize in emergency medicine when plaintiff fell. N.J.S.A. 2A:53A-41(a) provides:

> If the party against whom or on whose behalf the testimony is offered is a specialist or subspecialist recognized by the American Board of Medical Specialties or the American Osteopathic Association and the care or treatment at issue involves that specialty or subspecialty recognized by the American Board of Medical Specialties or the American Osteopathic Association,[6] the person providing the testimony shall have specialized at the time of the occurrence that is the basis for the action in the same specialty or subspecialty, recognized by the American Board of Medical Specialties or the American Osteopathic Association, as the party against whom or on whose behalf the testimony is offered.
>
> [(Emphasis added.)]

---

[6] It is undisputed that, as the trial court found, the American Board of Medical Specialties recognizes emergency medicine as a specialty and that the treatment at issue involves that specialty.

Plaintiff complains defendant untimely provided plaintiff with information regarding Dr. Sabatini.  But it is clear from her own complaint that plaintiff knew when she filed her complaint that her treating physician specialized in emergency medicine.  In her complaint, she stated that defendants were "medical professionals specializing in the field of emergency medicine" who "held themselves out . . . in the practice of their profession and specialty as emergency medical care professionals."  She also asserted that it was "[t]he [e]mergency [r]oom physician" who "wanted to prescribe [plaintiff] medication for [a]nxiety despite presenting with mobility symptoms."  Having been treated by an emergency-medicine specialist, plaintiff was required to submit an affidavit from a physician who specialized in emergency medicine at the time of her fall.

As the trial court correctly found based on the record evidence before it, Dr. Guzzardi did not specialize in emergency medicine at the time of plaintiff's fall.  The credentials Dr. Guzzardi posted on his website do not include any position involving the active clinical practice of emergency medicine or teaching of emergency medicine at an accredited school at the time of plaintiff's

fall.[7] In his affidavit, Dr. Guzzardi conceded that for the last five years he had "limited [his] practice to study and testimony in [e]mergency [m]edicine and [m]edical [t]oxicology." Studying and testifying is not actively practicing a medical specialty.

Even if Dr. Sabatini had no specialty and worked only as a general practitioner, Dr. Guzzardi's affidavit would not be statutorily compliant because Dr. Guzzardi does not meet the Legislature's requirements for a general practitioner. Plaintiff's submissions make clear that during the year immediately preceding plaintiff's fall, Dr. Guzzardi did not devote a majority of his professional time to "active clinical practice as a general practitioner" or "the instruction of students in an accredited" school or program. See N.J.S.A. 2A:53A-41(b).

The trial court correctly concluded that plaintiff has not demonstrated substantial compliance with the Affidavit of Merit Statute. To establish substantial compliance, a plaintiff must show "(1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved;

_____

[7] It is not clear to us whether the curriculum vitae of Dr. Guzzardi plaintiff submitted on appeal was submitted to the trial court in response to its request at oral argument. Even if we were to consider it, his curriculum vitae demonstrates that he did not practice in emergency medicine or teach about emergency medicine at the time of plaintiff's fall.

(3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim; and (5) a reasonable explanation why there was not a strict compliance with the statute." Galik v. Clara Maass Med. Ctr., 167 N.J. 341, 347-48 (2000); see also Ferreira, 178 N.J. at 151. "Establishing those elements is a heavy burden." Galik, 167 N.J. at 357. Plaintiff did not engage in a series of steps to comply with the statute and has not offered a reasonable explanation as to why she did not comply with the statute. Having pleaded in her complaint that she was treated by an "Emergency Room physician" and "medical professionals specializing in the field of emergency medicine," having received notice from defendant that she was not in compliance with the statute, and having participated in a Ferreira conference, plaintiff nevertheless submitted an affidavit from someone who, based on his own credentials and statements, clearly was not in active clinic practice of medicine, and certainly not emergency medicine, at the time of her fall. That is not substantial compliance.

Finally, we decline plaintiff's invitation to sanction defendants. Both parties violated our appellate rules by submitting documents that were not before the trial court. See Catton v. N.J. Full Ins. Underwriting Ass'n, 242 N.J. Super. 5, 6-7 (App. Div. 1990).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2100-19